## SCHUBRING v. UNITED STATES.
### No. 45517.

Court of Claims.
Oct. 5, 1942.

Arnold R. Petersen, of Madison, Wis., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The facts essential to the decision as to plaintiff's right to recover show that, in March 1928, plaintiff's husband purchased five $10,000 single payment ten-year endowment policies, all of which matured May 15, 1935. At the time the policies were issued, each of them was by a special endorsement made payable to plaintiff in monthly installments. The policies were issued with reservation to plaintiff's husband, as the insured, to change the beneficiary. He exercised this right on March 28, 1935, and, in conformity therewith, designated himself and his wife, the plaintiff, as the beneficiaries thereunder, share and share alike. · Said policies totaling $50,000, were to be paid in monthly install-

ments. The difference between the face amount of the policies of $50,000 and the cost thereof, was $13,202.15.

Plaintiff and her husband filed separate returns for 1935, in March 1936, each reporting $6,601.08, representing one-half of the difference between the face value of the policies and the cost thereof. February 10, 1938, the Commissioner of Internal Revenue notified plaintiff of a proposed deficiency for 1935 of $3,672.73, which was arrived at by considering as taxable income to her the full one-half of the face of the insurance policies, namely $25,000, from which was deducted the $6,601.08 reported. This increased plaintiff's income by $18,398.92. The plaintiff, through her attorney-in-fact, protested against the proposed deficiency and later on, August 17, 1938, filed a supplemental protest against the proposed deficiency, asserting that it should be canceled, and stating "I can find nothing in any of the authorities which would justify your interpretation of taxing the whole of Mrs. Schubring's interest in a lump sum. Under the law, as it exists, the deficiency against Mrs. Schubring should be cancelled. Not only that, but Mrs. Schubring should have a refund for the amount of the tax she has paid on her 1935 returns on the sum of $6,601.08; likewise, Mr. Schubring should have a refund of the tax on the sum of $6,601.07 that he included in his 1935 returns, although we may have to file a claim for this." No claim for refund was ever filed by or on behalf of plaintiff, but a formal claim for refund was filed by her husband and a refund was subsequently made to him.

November 2, 1938, the Commissioner of Internal Revenue wrote plaintiff a letter, which is set forth in finding 11. This letter, in order to bring about an allowance of an overassessment, overpayment, or refund was to be followed by a schedule of overassessment or overpayment. Following the mailing of the above-mentioned letter of November 2, and before anything else was done, the Commissioner on December 2, 1938, mailed plaintiff another letter, which is set forth in finding 14, in which the Commissioner stated, among other things, the following:

"You are advised that pending final determination of the taxability of income reported by you and your husband as being received in connection with the maturity of certain insurance policies for the year under consideration, it is possible that your income would be adjusted to disclose a deficiency in tax.

"It is desired to bring to your attention the fact that the statutory period within which a final notice of deficiency may be issued for the taxable year ended December 31, 1935, will expire at an early date.

"You are advised, however, that a taxpayer has the right under the provisions of the revenue acts to make application for the execution of a consent extending the period of limitation for assessment. There is a possibility that the case cannot be adequately considered by the Bureau before the expiration of a statutory period and for that reason it is not practicable to close the case by the issuance of a certificate of overassessment as shown in Bureau letter dated November 2, 1938, in view of the fact that the final adjustment might result in a deficiency for the year in question."

Plaintiff, on December 6, 1938, executed a consent extending the period of limitation within which assessment of any deficiency which might be determined with respect to her tax liability might be assessed, but she did not, then or later, file a claim for refund. Her husband filed a claim for refund for 1935 on December 8, 1938.

The matter of the tax liability of plaintiff and her husband was thereafter kept under consideration by the Commissioner and on December 27, 1939, the Commissioner notified plaintiff's husband of a deficiency in respect of his tax for 1935 of $1,981.47 based on the determination that he was taxable on the total of $13,202.15, representing the difference between the face of the insurance policies and the cost thereof, $6,601.07 of which he had reported in his original return. Pending the final outcome of affirmance or reversal of that determination the Commissioner held plaintiff's tax liability in abeyance.

March 22, 1940, plaintiff's husband filed a petition for redetermination with the United States Board of Tax Appeals in respect to this deficiency. The proceeding before the Board was settled upon a stipulation filed by the parties that there was an overassessment of $1,766.42 in respect of the tax liability of plaintiff's husband. Upon this stipulation the Board entered a decision November 22, 1940, finding an overpayment by plaintiff's husband of $1,766.42.

September 19, 1940, plaintiff, through her attorney in fact wrote a letter to the

collector inquiring as to the cause of the delay in paying plaintiff the overassessment of $739.18. Plaintiff was advised on September 21, 24, and 30 that any refund in respect of the tax paid by her for 1935 was barred by the statute of limitation.

Plaintiff in her brief states that "It is the plaintiff's position that the letter of the Commissioner of November 2, 1938, constituted an account stated, agreed to and accepted by the plaintiff, and that under such circumstances the filing of a claim for refund was not necessary." This contention cannot be sustained. All that the Commissioner said in this letter of November 2, was that the allowance of plaintiff's contention that no profit was realized by her in connection with the maturity of the endowment policies resulted in an overassessment. Subsequently, on December 2, 1938, the Commissioner wrote plaintiff concerning her tax liability for 1935, referred to his letter of November 2, 1938, and advised plaintiff in writing that her case was still under consideration and that, pending final determination, it was possible that her income for 1935 would be adjusted so as to disclose a deficiency in tax. (Finding 14.) By this letter of December 2, which was written well within the statutory period of limitation for filing a claim for 1935, the Commissioner clearly told plaintiff that he was not making and could not make at that time a final decision as to an overassessment or overpayment by her for 1935 and that his decision on the matter was being held in abeyance. Plaintiff's letter of December 6, 1938, in reply (Finding 15), shows that she so understood this letter of the Commissioner. Plaintiff should then have protected her right to receive any refund to which she thought herself entitled by filing a claim for refund on or before March 13, 1939. This she did not do. The matter of plaintiff's tax liability was kept open and under consideration by the Commissioner until his determination in respect of the tax liability of plaintiff's husband in connection with the same insurance policies was made and finally decided by the Board on November 22, 1940. In the meantime the Commissioner made no final decision in respect of plaintiff's case. When the decision of the Board was rendered any payment of a refund to plaintiff was barred by the statute of limitation, inasmuch as no claim for refund had been timely filed. There was clearly no account stated such as would give rise to an implied agreement

to pay the $739.18. Braun v. United States, Ct.Cl., 46 F.Supp. 993, decided this day.

Plaintiff's petition is dismissed. It is so ordered.